E. R. SCHAMBER and Mary O. Schamber, Plaintiffs,

v.

H. O. AABERG, Stella R. Aaberg, and Titanol, Inc., a corporation, Defendants.

Civ. No. 6271.

United States District Court
D. Colorado.
April 26, 1960.

C. J. Murphy and Ernest W. Lohf, of Keller, Bloomenthal & Lohf, Denver, Colo., for plaintiffs.

Robert E. Holland, Denver, Colo., for defendants.

KERR, District Judge.

The above entitled cause came on for trial before the Court without a jury on the 12th day of April, 1960, the plaintiffs appearing in person and being represented by their attorneys, and the defendants appearing through their attorney. Testimony was taken, and the Court has duly considered the evidence, including the documentary evidence and the stipulation executed by counsel at the pre-trial conference herein. The Court, being fully advised in the premises, now makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact.

1. Plaintiffs, E. R. Schamber and Mary O. Schamber, whose principal busi-

ness occupation for many years has been farming, are residents of Riverton, Fremont County, Wyoming, and are citizens of the State of Wyoming. Defendants H. O. Aaberg and Stella R. Aaberg are residents of Broomfield, Colorado, and are citizens of the State of Colorado. Defendant Titanol, Inc., is a corporation incorporated under the laws of the State of Nevada and prior to and subsequent to commencement of this action has maintained its principal office and place of business at Broomfield, Colorado.

2. The principal business of defendant Titanol, Inc. since its organization has been the attempted manufacture and distribution of a solid lubricant additive for use in automobiles, trucks, and other motor vehicles.

3. Defendants H. O. Aaberg and Stella R. Aaberg are husband and wife, respectively. At all material times during and subsequent to June 1957, they were directors of defendant Titanol, Inc., the board of directors of which consisted only of three persons, including said defendants, and were, respectively, president and secretary-treasurer of defendant Titanol, Inc. Defendant H. O. Aaberg presided over and dominated and, together with defendant Stella R. Aaberg, participated in all meetings of the board of directors of defendant Titanol, Inc. held during and subsequent to June 1957. At most of such directors' meetings, defendants H. O. Aaberg and Stella R. Aaberg were the only directors present and adopted significant corporate resolutions or otherwise took corporate action on behalf of defendant Titanol, Inc., providing for matters such as the following: (a) changing the date of the annual meeting of shareholders; (b) the purchase of the principal raw material to be used by defendant Titanol, Inc. from another corporation or entity known as Titan Mines, Inc., which was controlled and dominated by defendants H. O. Aaberg and Stella R. Aaberg; (c) the tripling of the price previously paid by defendant Titanol, Inc., for such raw material so purchased by defendant Titanol, Inc.; (d) the transfer of all assets of defendant Titanol, Inc. to said Titan Mines, Inc.; (e) authorization of the offering and sale of its securities by defendant Titanol, Inc. to finance its business and operations; and (f) the purported dissolution of defendant Titanol, Inc. by making certain filings with the Secretary of State of the State of Colorado. Defendants H. O. Aaberg and Stella R. Aaberg, jointly and severally, made all significant decisions as to the business, operations, and policies of defendant Titanol, Inc. and implemented said decisions through their domination and control of the board of directors of defendant Titanol, Inc.

4. In 1957 defendants H. O. Aaberg and Titanol, Inc. authorized and directed sales to be made of the common capital stock of defendant Titanol, Inc. and its promissory notes payable out of production for the purpose of raising approximately $145,000 to finance its business and operations. For that purpose, said defendants employed Stacey Humphries, Don Taylor, and Robert West as salesmen to offer and sell said securities on terms involving a 10% or more cash commission to such salesmen, plus bonuses to the salesmen consisting of additional shares of the capital stock of defendant Titanol, Inc. In accordance with such authorization and direction, offers and sales of said securities of defendant Titanol, Inc. were made during a period beginning in June 1957 and continuing through February 1958, with the offer, sale and delivery of securities to plaintiffs as hereinafter described constituting a part of such offering. In addition to acting as securities salesmen for defendants, said Don Taylor and Stacey Humphries were also on the payroll of defendant Titanol, Inc. in other capacities from October 1957 through February 1958. No attempt was made to confine the foregoing offering of securities to any particular persons or class of persons; and, in fact, offers were made to numerous Colorado and Wyoming investors; and sales of securities were made to approximately 30 Colorado and Wyoming investors. The offerees and purchasers, so far as can be determined from the

evidence, consisted of farmers and other persons having little or no acquaintance with or knowledge of defendant Titanol, Inc. and its business.

5. During the period beginning on or about February 6, 1958, and ending on or about February 12, 1958, the defendants, jointly and severally, directly and indirectly, used means and instruments of transportation and communication in interstate commerce and the United States mails, all as more fully set forth in these findings of fact, to offer and to sell to plaintiffs, in consideration of the sum of $50,000 paid to the defendants by plaintiffs by check dated February 11, 1958, payable to defendant H. O. Aaberg, drawn on the First National Bank of Riverton, Wyoming, a promissory note identified as a "Production Note" issued by defendant Titanol, Inc., dated February 12, 1958, in the principal amount of $50,000 bearing interest at 6% per annum, together with certificate of stock No. 141, dated February 6, 1958, evidencing ownership of 40,000 shares of the common capital stock of defendant Titanol, Inc.

6. Defendant H. O. Aaberg, individually and on behalf of defendant Titanol, Inc., and through its agents and employees, induced and caused plaintiff E. R. Schamber to make use of interstate highways to travel from Riverton, Wyoming, to Broomfield, Colorado, on or about February 8, 1958, for the purpose of solicitation by defendants of plaintiffs' purchase of the securities described in paragraph 5 above.

7. Defendant H. O. Aaberg, on or about February 8, 1958, in connection with and as a part of the aforementioned solicitation and for the sole purpose of inducing purchase of the aforesaid securities by plaintiffs from defendants, made a long-distance telephone call from Broomfield, Colorado, to one Dr. Bortemann in St. Louis, Missouri, and thereby caused Dr. Bortemann, who was represented by said defendant to be an official of the Missouri Synod of the Lutheran Church, to affirm to plaintiff E. R. Schamber during said long-distance telephone call that defendant H. O. Aaberg was an honest, responsible individual upon whom plaintiff E. R. Schamber could rely.

8. On or about February 11, 1958, plaintiff E. R. Schamber delivered his above-described $50,000 check at Riverton, Wyoming, in payment of the purchase price of said securities to one Gene Brogrett for delivery to defendants. Said Brogrett delivered the check to Robert West, an agent or employee of defendants, at Laramie, Wyoming, who in turn caused the check to be delivered from Laramie, Wyoming, to defendant H. O. Aaberg and defendant Titanol, Inc. in Broomfield, Colorado, by use of interstate highways or other means of transportation in interstate commerce.

9. On or about February 13, 1958, defendant H. O. Aaberg endorsed said check and caused it to be deposited in the Denver National Bank, Denver, Colorado, for collection for the benefit of defendant Titanol, Inc., thereby causing said check to be carried through banking and clearing house facilities in the United States mails and in interstate commerce from Denver, Colorado to Riverton, Wyoming, for collection and payment at the First National Bank of Riverton, Riverton, Wyoming.

10. Between February 6, 1958, and February 13, 1958, defendants, their agents and employees (including said Donald West), carried or caused to be carried over interstate highways, or through the mails, or by other means or instruments of transportation and communication in interstate commerce, from Broomfield, Colorado, to Riverton, Wyoming, for the purpose of delivery to plaintiffs, the production note and stock certificate No. 141 offered and sold to plaintiffs as above described.

11. Upon receipt by plaintiffs on February 11, 1958, at Riverton, Wyoming, of the securities described in paragraph 5, plaintiff E. R. Schamber determined that said production note was defective for being undated and not having the corporate seal of defendant Titanol, Inc. affixed thereto. Said production note was returned for correction to defendant Ti-

tanol, Inc. at Broomfield, Colorado, together with the $50,000 check given in payment for said securities, all as more fully set forth in paragraph 8 above. Defendant Titanol, Inc. thereafter corrected the production note by placing the date of February 12, 1958, thereon and affixing its corporate seal thereto; and the production note was then mailed by defendant Titanol, Inc. to Robert West at Laramie, Wyoming, who in turn delivered the corrected production note to Gene Brogrett for delivery to plaintiff E. R. Schamber in Riverton, Wyoming.

12. No registration statement under the Securities Act of 1933, as amended, 15 U.S.C.A. § 77a ff., is in effect, nor has such registration statement ever been in effect or filed with the Securities and Exchange Commission, with respect to any production notes or shares of capital stock of defendant Titanol, Inc.

13. In the course of the solicitation of and communications to plaintiff E. R. Schamber referred to in paragraphs 6 and 7, defendant H. O. Aaberg made materially misleading statements and omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading (plaintiffs not knowing of such omissions) as follows:

(a) That as soon as proceeds from the sale of securities of defendant Titanol, Inc. to plaintiffs, as above described, were available, defendant Titanol, Inc. would immediately enter into substantial production of its principal product, Titanox; whereas, the fact was, and defendant H. O. Aaberg omitted to state, that said principal product was in an experimental or developmental stage and was not in, or about to be in, substantial commercial production.

(b) That an established market for distribution of said principal product existed and was available; whereas, the fact was, and defendant H. O. Aaberg omitted to state, that said product was known to only a small number of dealers and service stations and that no market of any consequence existed therefor.

(c) That defendant Titanol had a virtually unlimited supply of raw material for use in manufacture of said principal product; whereas, the fact was, and defendant H. O. Aaberg omitted to state, that at least a substantial portion of the mining properties from which such raw material was to be secured was the subject of substantial litigation in which title to said mining properties was being asserted by other persons in derogation of any possible title of said Titan Mines, Inc., or defendant Titanol, Inc., thereto.

(d) That 90% of the outstanding capital stock of defendant Titanol, Inc. was or soon would be owned by a religious and charitable organization or institution known as the Foundation for Christ, whose sole purpose and activity was the advancement of the Christian religion and the doing of charitable works; whereas, the fact was, and defendant H. O. Aaberg omitted to state, that said Foundation for Christ was but the *alter ego* of defendants H. O. Aaberg and Stella R. Aaberg and that any stock ownership by said Foundation would inure entirely to the benefit of defendants. H. O. Aaberg and Stella R. Aaberg.

### Conclusions of Law.

From the foregoing facts, the Court concludes:

1. This Court has jurisdiction of the parties and the subject matter of this suit.

2. This action is not barred by the limitations of Section 13 of the Securities Act of 1933, as amended, 15 U.S.C.A. § 77m.

■ 3. The production note and stock certificate No. 141 offered and sold to plaintiffs as described in findings of fact are securities as defined in Section 2(1) of the Securities Act of 1933, as amended, 15 U.S.C.A. § 77b(1), and were sold to plaintiffs within the meaning of Section 2(3) of said Act, 15 U.S.C.A. § 77b(3).

■ 4. Defendants H. O. Aaberg and Stella R. Aaberg are persons controlling defendant Titanol, Inc. within the mean-

ing of Section 15 of the Securities Act of 1933, as amended, 15 U.S.C.A. § 77o.

5. Defendants have the burden of proof to establish that an exemption from the registration requirements of the Securities Act of 1933, as amended, was available. They have not carried that burden, and the Court concludes that no such exemption was available.

6. The offer, sale, and delivery of the production note and stock certificate No. 141 to plaintiffs as described in the findings of fact are in violation of the provisions of Section 5(a) (1), 5(a) (2), 5(b) (2), and 5(c) of the Securities Act of 1933, as amended, 15 U.S.C.A. § 77e (a) (1, 2), (b) (2), and (c). Plaintiffs are entitled, pursuant to the provisions of Section 12(1) of said Act, 15 U.S.C.A. § 77l(1), to recover from defendants the consideration paid for such securities, together with interest thereon.

7. There are no exemptions from the anti-fraud provisions of Section 17 of the Securities Act of 1933, as amended, 15 U.S.C.A. § 77q.

8. The omissions to state material facts described in the foregoing findings of fact were made by defendants in violation of the provisions of Section 17(a) (2) of the Securities Act of 1933, as amended, 15 U.S.C.A. § 77q (a) (2). Defendants have not sustained the burden of proof that they did not know and, in the exercise of reasonable care, could not have known, of such omissions as contemplated by Section 12(2) of the Securities Act of 1933, as amended, 15 U.S.C.A. § 77l(2). Plaintiffs are entitled, under Section 12(2) of said Act, to recover the consideration paid, together with interest thereon, for the production note and stock certificate No. 141 sold to them as described in the findings of fact.

9. The defense of defendants is without merit.

#### Judgment.

It is ordered, adjudged, and decreed, that the plaintiffs, E. R. Schamber and Mary O. Schamber, recover of defendants, H. O. Aaberg, Stella R. Aaberg, and Titanol, Inc., jointly and severally, judgment in the sum of $50,000, together with interest thereon at the rate of 6% per annum from February 12, 1958, until paid, together with attorneys' fees in the sum of $2,500, and for their costs incurred in this action, to be taxed in the manner usually provided for taxing of costs in this Court, amounting to the sum of $————.